Filed 10/20/21  P. v. Olivo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C090006 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STK-CR-FE-2000-0006217, SF079356A) |
| v. | |
| ABEL OLIVO, | |
| Defendant and Appellant. | |

Defendant Abel Olivo appeals from the trial court's order denying his petition for resentencing under Penal Code section 1170.95.  Defendant contends the trial court erred by summarily denying his petition after determining he failed to establish a prima facie case under the provisions of the statute.  He argues the trial court should have reappointed counsel, accepted briefing, and issued an order to show cause.  We affirm.

1

BACKGROUND

*Prior Conviction*

The relevant facts of this case are taken from our prior opinion in defendant's direct appeal. (*People v. Olivo* (Feb. 6, 2004, C038291) [nonpub. opn.] (*Olivo*)). "With [defendant] acting as driver, gang members Jose Olivo and Henry Ortiz gunned down two people in a liquor store.[1]  Ortiz sought vengeance against African-American gang members because of an earlier beating by a black rival gang.  Unfortunately, the two murder victims were not affiliated with gangs:  one was the elderly liquor store owner, the other merely a customer in the wrong place at the wrong time.  An information charged defendant, Jose, and Ortiz with two counts of murder with special circumstances (Pen. Code, §§ 187, 190.2, subd. (a)(3), (16) & (22)), two counts of attempted murder (Pen. Code, §§ 664, 187), one count of shooting at an inhabited dwelling (Pen. Code, § 246), and violations of the street gang terrorism statute (Pen. Code, § 186.22, subds. (a) and (d)); defendant was also charged with possession of cocaine base for sale (Health & Saf. Code, § 11351.5.)  The court held separate trials for the three defendants.  A jury found defendant guilty of two counts of first degree murder, two counts of attempted murder, and one count each of shooting at an inhabited building, gang terrorism, and possession of cocaine base.  The jury also found numerous special circumstance allegations to be true.  The court sentenced defendant to two terms of life without the possibility of parole and two terms of life with the possibility of parole, plus 75 years to life, plus a determinate term of 20 years." (*Id*. [at pp. 1-2], fn. omitted.)

Defendant appealed, arguing, among other things, "insufficient evidence supports his conviction for aiding and abetting the killings with intent to kill to support the three special circumstance findings." (*Olivo, supra*, C038291 [at p. 38].)  We conducted a

---

**1**  "For clarity's sake we shall refer to defendant's brother Jose Olivo by his first name."

thorough review of all evidence and testimony presented at defendant's trial, and detailed the instructions provided to the jury. This included defendant telling police officers multiple times "he knew Ortiz wanted to 'blast' someone," meaning he knew they were going to "[k]ill the dude that jumped [Ortiz.]" (*Id*. [at p. 39].) The jury instructions on the special circumstances of "multiple murders, killing because of victim's race, and a gang killing," required the jury to find either defendant was "the actual killer of the human beings" or that defendant, "with the intent to kill, aided and abetted any actor in the commission of the murder in the first degree." (*Id*. [at pp. 38-39].)

On this issue we concluded, with the knowledge Ortiz and Jose wanted to kill someone, "defendant proceeded to drive Jose and Ortiz to the site of the earlier beating. He knew his brother was armed, angry, and intent on harming rival gang members. We find sufficient evidence to support the jury's finding that defendant aided and abetted the killings with an intent to kill." (*Olivo, supra*, C038291 [at p. 39].)

*Penal Code Section 1170.95 Petition*

On January 4, 2019, defendant filed a petition for resentencing under Penal Code section 1170.95.[2] The petition stated an information filed against him allowed the jury to find him guilty under the felony-murder rule or the natural and probable consequences doctrine; he was found guilty of first degree murder at trial; and he could not now be convicted of first degree murder because of the changes to sections 188 and 189.

On March 8, 2019, the trial court found defendant had made a prima facie case, appointed defendant counsel, and set an order to show cause hearing. Before this hearing, the trial court changed its mind and held a discussion with counsel in chambers where they discussed the facts of the case and our opinion in *Olivo*. The trial court told the attorneys defendant actually isn't eligible based on the special circumstance findings

---

[2] Undesignated statutory references are to the Penal Code.

3

and asked defendant's counsel "[i]s there anything you wanna say?" Defendant's counsel replied, "Well, I wish I had something to say." The trial court then stated in open court it found defendant was ineligible for relief based on the special circumstance findings, so it indicated it would deny the petition. On August 7, 2019, without briefing from either party, the trial court issued a written order detailing its reasoning for denying defendant's petition. The order quoted the jury instructions for the three special circumstance findings, which required the jury to find defendant was either the actual killer or had the intent to kill. The trial court concluded the jury finding him guilty on all three special circumstances rendered him ineligible for resentencing.

## DISCUSSION

Defendant contends the trial court erred when it reversed its appointment of counsel, failed to obtain written briefing, and consulted the record of conviction. For the latter issue he specifically asserts the trial court was not permitted at the prima facie stage to rely on the jury's special circumstance findings and our prior opinion. Defendant notes that this issue was being considered by our Supreme Court in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), which was pending when defendant filed his brief. Since defendant filed his appeal, our Supreme Court has decided *Lewis* and its opinion requires us to affirm the trial court's order.

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on

4

any remaining counts when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.  [¶]  (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019.”  (§ 1170.95, subd. (a).)

If the petition is facially valid, courts must perform a prima facie analysis under section 1170.95, subdivision (c).  This provision states:  “The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served.  These deadlines shall be extended for good cause.  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause.”  (§ 1170.95, subd. (c).)

Our Supreme Court in *Lewis* found under this provision, the proper prima facie procedure is:  “[A] complying petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes one (not two) prima facie determination.” (*Lewis, supra*, 11 Cal.5th at p. 966.)  “[S]ubdivision (c) does not establish an internal, threshold barrier to the appointment of counsel and the opportunity for briefing.” (*Id*. at p. 967.)

The court also determined that, in performing this preliminary screening function, courts are not limited to the allegations of the petition; rather, they may “rely on the record of conviction in determining whether that single prima facie showing is made.” (*Lewis, supra*, 11 Cal.5th at p. 970.)  And prior appellate opinions in a defendant’s case

5

"are generally considered to be part of the record of conviction." (*Id*. at p. 972.) If the record of conviction establishes the petition lacks merit, the trial court may deny the petition without conducting further proceedings. (*Id*. at p. 971 ["The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless"].)

The court in *Lewis* also determined denial of counsel at the prima facie stage is "state law error only." (*Lewis, supra*, 11 Cal.5th at p. 973.) So this type of error is subjected to harmless error test under *People v. Watson* (1956) 46 Cal.2d 818, meaning a defendant " 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Lewis*, at p. 974.) Defendant cannot make this showing.

Though the trial court here originally appointed counsel, defendant asserts the trial court reversed its appointment of counsel and failed to take briefing. We find no indication in the record the trial court relieved defendant's counsel. The trial court did however err when it did not request briefing before ruling, and briefing is the central benefit of counsel at the prima facie stage. Though the trial court discussed the issue with both attorneys in chambers and defendant's counsel indicated there was no basis to support the petition, the statute still mandates the "prosecutor shall file and serve a response" and defendant is permitted to submit a reply. (§ 1170.95, subd. (c).)

This error, however, was harmless because the record of conviction establishes defendant is ineligible as a matter of law. The jury instructions and verdicts confirm the jury necessarily found defendant acted with the intent to kill. And we concluded in defendant's direct appeal that there was sufficient evidence supporting this finding. This conclusion is law of the case and is binding. (*Friends of Spring Street v. Nevada City* (2019) 33 Cal.App.5th 1092, 1106.) Thus, defendant still could be convicted of murder,

6

even after the changes introduced to section 189 by Senate Bill No. 1437 and is therefore ineligible for relief under section 1170.95.  (See §§ 189, subd. (e), 1170.95, subd. (a)(3).)  There is no reasonable probability additional briefing could have changed this, so the trial court denying the petition without briefing was harmless error.

DISPOSITION

The judgment (order) denying the petition is affirmed.

/s/
RAYE, P. J.

We concur:


/s/
HULL, J.


/s/
RENNER, J.

7